J-A10021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY L. RICKS | |
| Appellant | No. 1331 MDA 2014 |

Appeal from the PCRA Order July 2, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001012-2008

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 01, 2015**

Appellant, Gregory L. Ricks, appeals from the July 2, 2014 order, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On January 20, 2009, Appellant was convicted by a jury of one count each of possession of a firearm prohibited, receiving stolen property, possession of a controlled substance, and delivery of a controlled substance.[1]  On March 13, 2009, the trial court sentenced Appellant to an aggregate term of 7¼ to 14½ years' imprisonment.  Appellant filed a timely notice of appeal, and on

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 3925(a), 35 P.S. §§ 780-113(a)(16), and 780-113(a)(30), respectively.

March 4, 2010, this Court affirmed the judgment of sentence. *Commonwealth v. Ricks*, 996 A.2d 554 (Pa. Super. 2010) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in our Supreme Court. Appellant thereafter filed three PCRA petitions, none of which have garnered relief.[2]

On April 15, 2014, Appellant filed his fourth *pro se* PCRA petition.[3] The PCRA court entered an order and opinion on May 20, 2014, notifying Appellant of its intent to dismiss his PCRA petition as untimely without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant did not file a response, and the PCRA court entered a final order dismissing

---

[2] Appellant timely filed his first PCRA petition on April 22, 2010. It was dismissed on August 10, 2010, but Appellant did not appeal. Instead, Appellant filed a second timely PCRA petition on December 29, 2010. The PCRA court dismissed said petition on May 3, 2011. This Court affirmed that order on February 21, 2012, and our Supreme Court denied Appellant's *allocatur* petition on October 29, 2012. *Commonwealth v. Ricks*, 46 A.3d 822 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 55 A.3d 523 (Pa. 2012). Appellant filed his third PCRA petition on November 14, 2012, which was dismissed by the PCRA court on January 22, 2013. Appellant filed a notice of appeal, which this Court quashed by an order entered on June 18, 2013.

[3] Although Appellant's PCRA petition was file-stamped on April 28, 2014, under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012). In this case, the certified record contains the envelope in which Appellant mailed his PCRA petition, which bears a postmark date of April 15, 2014. As a result, we treat April 15, 2014 as the filing date.

his fourth PCRA petition on July 2, 2014.  On August 4, 2014, Appellant filed

a *pro se* notice of appeal.[4]

On appeal, Appellant presents the following six issues for our review.

> 1. Whether counsel was ineffective for failing to raise the issue that the [e]vidence was insufficient to sustain a guily [sic] verdict and for failing to raise the issue of whether the verdict. [sic] was against the weight of the evidence?
>
> …
>
> 2. Whether the [trial c]ourt abused it's [sic] discretion in imposing a consecutive sentence for delivery and receiving stolen property, resulting in an aggregate sentence that was manifestly excessive?
>
> 3. Whether layered ineffectiveness [sic] assistance of counsel existed[?]
>
> 4. Whether [a] **Brady**[5] violation occurred in [an] illegal search and seizure of alleged [e]vidence?
>
> 5. Whether [the] exclusion of African Americans impaneled in jury selection violated [t]he [Sixth] Amendment?

---

[4] We note generally a notice of appeal must be filed within 30 days of the entry of the order from which the appeal is taken.  Pa.R.A.P. 903(a). However, the certified record contains the envelope in which Appellant mailed his notice of appeal, which bears a postmark date of July 31, 2014. As a result, pursuant to the prisoner mailbox rule, Appellant's notice of appeal was timely filed.  **See Chambers**, **supra**.

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

6. Whether counsel was ineffective for failing to suppress gun paraphernalia [a]nd alleged drugs on the grounds of a violation [sic] that they are a violation of [Appellant]'s Fourth Amendment rights[?]

Appellant's Brief at 5.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is

untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, ***Ali v. Pennsylvania***, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

**§ 9545. Jurisdiction and proceedings**

…

(b) Time for filing petition.—

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on March 13, 2009, this Court affirmed the judgment of sentence on March 4, 2010, and Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, Appellant's judgment of sentence became final on April 5,

2010, when the filing period for an *allocatur* petition expired.[6]  ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]").  As a result, Appellant had until April 5, 2011 to timely file a PCRA petition.  Appellant's instant petition was filed on April 15, 2014, rendering it patently untimely.

Furthermore, Appellant does not argue in his brief nor in his PCRA petition that any of the enumerated time-bar exceptions applies.  As this Court has often stated, "[t]he petitioner has the burden to plead in the petition and subsequently to prove that an exception applies." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citation omitted), *appeal denied*, 944 A.2d 756 (Pa. 2008); ***accord Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).  Therefore, Appellant has

_____

[6] We note that the 30th day was Saturday, April 3, 2010.  When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  Therefore, the 30th day for Appellant to file a timely a petition for allowance of appeal was on Monday, April 5, 2010.

failed to carry his burden, and the PCRA court lacked jurisdiction to consider the merits of any of the issues raised in his petition. ***See Lawson***, ***supra***.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's fourth PCRA petition as untimely filed. Accordingly, the PCRA court's July 2, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2015